Dara Tabesh, CA Bar No. 230434
dara.tabesh@ecotechlaw.com
Zephyr Andrew, CA Bar No. 269272
zephyr.andrew@ecotechlaw.com
**EcoTech Law Group, P.C.**
331 1st St. Suite C
San Francisco, CA 94105
Telephone: (415) 503-9164
Facsimile: (415) 651-8639

John A. Arsenault, CO Bar No. 41327 (*pro hac to follow*)
E-mail: john.arsenault@frontrangelegalservices.com
**Wessels & Arsenault, L.L.C.**
1333 W. 120th Ave. Suite 219
Westminster, Colorado 80234
Telephone: (303) 459-7898
Facsimile: (888) 317-8582

Attorneys for Plaintiff
David Oppenheimer and
Performance Impressions, L.L.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID OPPENHEIMER, a North Carolina resident, PERFORMANCE IMPRESSIONS, L.L.C., a North Carolina Limited Liability Company<br><br>Plaintiff,<br><br>v.<br><br>ALLVOICES, INC., a Delaware corporation<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT, CONTRIBUTORY COPYRIGHT INFRINGEMENT, VICARIOUS COPYRIGHT INFRINGEMENT, FALSE DESIGNATION, UNJUST ENRICHMENT, AND DEMAND FOR JURY TRIAL** |

1                                                                 CASE NO.
COMPLAINT AND JURY DEMAND

## I. INTRODUCTION

1. Plaintiff is in the business of creating photographic scenes of musicians while they perform, in other circumstances, and during events.

2. Defendant AllVoices, Inc. ("ALLVOICES") is in the business of publishing audiovisual content and selling advertising space based on traffic on their website http://www.allvoices.com. ALLVOICES describes itself as a platform for "citizen journalism." "AllVoices is committed to delivering a community-driven platform for open, global news and idea exchange." See http://www.allvoices.com/about

3. Defendant promotes contribution of graphical, written, audio and other content including images to its website stating, "[i]t creates a place for the community to share and discuss news, by contributing related text, video and images and commenting - adding a voice." *Id.*

4. Defendant offers a financial compensation program wherein content Contributors can submit articles to the Allvoices.com website as consideration for financial compensation based on the popularity of the submitted content amongst other factors.

5. Defendant ALLVOICES has reproduced and publicly displayed on its website Allvoices.com multiple registered photographic works owned by Plaintiff without his permission.

6. Plaintiff David Oppenheimer brings the present action to protect himself from ongoing unlicensed use of his photographic works and compensation from the damage and detriment caused by Defendant's self-interested profiteering.

## II. JURISDICTION

7. The Court has jurisdiction because this action is for copyright infringement pursuant to 17 U.S.C. § 101 et seq., vicarious copyright infringement, and unjust enrichment.

8. Subject matter jurisdiction is conferred by 17 U.S.C. § 501, 28 U.S.C. §§ 1331, 1338, and 1367, and the doctrine of pendent jurisdiction.

9. Personal jurisdiction is proper because Defendant ALLVOICES is a Delaware foreign corporation and has a principal place of business in the State of California.

10. The jurisdiction of this Court also exists based on the diversity of citizenship of the parties under 28 U.S.C. § 1332, as this case involves a dispute between citizens of different states and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

### III. VENUE

11. A substantial portion of the events related to Plaintiff's claims occurred in this District, including acts of copyright infringement, vicarious copyright infringement, and unjust enrichment; venue is proper in this District under 28 U.S.C. §§ 1391 and 1400.

12. Intradistrict Assignment is proper in the San Francisco Division of this Court pursuant to Civil Local Rules 3-5(b) and 3-2(c) for the reasons stated above.

### IV. THE PARTIES

13. DAVID OPPENHEIMER ("Photographer"), is an individual residing in Buncombe County, North Carolina, with a principal place of business located at P.O. Box 8105 Asheville, NC 28814.

14. PERFORMANCE IMPRESSIONS, LLC ("Business") (DAVID OPPENHEIMER and PERFORMANCE IMPRESSIONS, LLC collectively referred to as "Plaintiff"), is a North Carolina limited liability company located at 725 Merrimon Ave. Suite 8105 Asheville, NC, 28804, owned in full by Photographer, and is currently in good standing with the North Carolina Secretary of State's Office.

15. Defendant, ALLVOICES, is a Delaware Corporation with an expired California foreign entity license as of the filing date of this Complaint, with its principal place of business at 351 California Street, Suite 1210 San Francisco, CA 94104.

### V. FACTUAL ALLEGATIONS

16. Plaintiff is in the business of creating photographic scenes of musicians while they perform. Plaintiff's images are unique and highly desirable by many persons including, among others, concertgoers, musicians, journalists, advertisers, and industry professionals.

17. Defendant ALLVOICES has developed, offered, and marketed their website to the general public as a platform for citizen journalism.

18. Defendant's website relies on submissions for events and news by individual contributors where they are paid consideration by ALLVOICES for their contributions.

19. As web traffic from contributor content increases, ALLVOICES is able to sell advertising on the Allvoices.com website.

20. Contributors to Defendant's website are presently provided compensation in exchange for the popularity and web traffic to their article and content. See http://www.allvoices.com/incentive/terms.

## COUNT I – COPYRIGHT INFRINGEMENT

21. Plaintiff repeats and incorporates by reference paragraphs 1-20, inclusive of this Complaint as set forth in full herein.

22. Plaintiff makes his photographic works available online at his website http://www.performanceimpressions.com.

23. Plaintiff complied in all respects with Title 17, U.S.C. § 102, et seq., and all other laws governing federal copyright applicable to the Works and registered the copyrights with the Register of Copyrights at the U.S. Copyright Office. Exhibit A.

| Reg. No. | Reg. Date | Title |
| --- | --- | --- |
| VA 1-700-944 | January 01, 2010 | 2007 Concert Photography by David Oppenheimer of Performance Impressions. |
| VA 1-778-968 | April 02, 2010 | Rothbury Festival Photos by David Oppenheimer. |
| VA 1-732-785 | August 30, 2010 | Bassnectar - Lorin Ashton - 2010 All Good Festival, et al. |

24. At all relevant times hereto, Plaintiff has and continues to be the sole owner of all rights, titles, and interests in and to the aforementioned registrations and photographs ("Works").

25. Each of Plaintiff's infringed Works included copyright management information as well as a copyright registration notice, so ALLVOICES was provided sufficient notice that the Works were registered.

26. Plaintiff initially became aware of Defendant's ongoing unlicensed use of the Works in February of 2011.

27. It was not until March 15, 2011 that ALLVOICES filed for a registered agent as a service provider as the U.S. Copyright Office. Exhibit B.

28. Multiple articles were posted to the Allvoices.com website that featured Plaintiff's photographic works without proper attribution or license.

29. Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Jeff Chimenti at the following URL. http://www.allvoices.com/contributed-news/7822493-furthur/content/70158570-jeff-chimenti. A screenshot of the URL is provided herein as Exhibit C. The corresponding registration number is VA 1-700-944.

30. Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Jeff Chimenti at the following URL. http://www.allvoices.com/contributed-news/7822493-furthur/content/70158568-jeff-chimenti-with-the-dead-at-rothbury. A screenshot of the URL is provided herein as Exhibit D. The corresponding registration number is VA 1-778-968.

31. Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Jeff Chimenti at the following URL. http://www.allvoices.com/contributed-news/7822493-furthur/content/70158571-jeff-chimenti-with-the-dead-at-rothbury-festival-on-july-4-2009. A screenshot of the URL is provided herein as Exhibit E. The corresponding registration number is VA 1-778-968.

32. Defendant infringedwww Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Jeff Chimenti at the following URL. http://www.allvoices.com/contributed-news/7822493-furthur/content/70158572-

jeff-chimenti-with-the-dead-at-rothbury-festival-on-july-4-2009. The corresponding registration number is VA 1-778-968.

33. Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Jeff Chimenti at the following URL. http://www.allvoices.com/people/Bob_Weir/content/70041856-bob-weir. A screenshot of the URL is provided herein as Exhibit G. The corresponding registration number is VA 1-700-944.

34. Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Bob Weir at the following URL. http://www.allvoices.com/people/Bob_Weir/content/70041857-bob-weir. A screenshot of the URL is provided herein as Exhibit H. The corresponding registration number is VA 1-700-944.

35. Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Bob Weir at the following URL. http://www.allvoices.com/people/Bob_Weir/content/70041858-bob-weir. A screenshot of the URL is provided herein as Exhibit I. The corresponding registration number is VA 1-700-944.

36. Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Bob Weir at the following URL. http://www.allvoices.com/people/Bob_Weir/content/70041859-bob-weir. A screenshot of the URL is provided herein as Exhibit J. The corresponding registration number is VA 1-700-944.

37. Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Bob Weir and the band Furthur at the following URL. http://www.allvoices.com/contributed-news/7822798-furthur/content/70160304-furthur-w-phil-lesh-amp-bob-weir-w-at-the-2010-all-good-festival. A screenshot of the URL is provided herein as Exhibit K. The corresponding registration number is VA 1-732-785.

38. Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Phil Lesh with Bob Weir and the band Furthur at the following URL. http://www.allvoices.com/contributed-news/7822798-

furthur/content/70160305-phil-lesh-and-bob-weir-with-furthur-in-asheville. A screenshot of the URL is provided herein as Exhibit L. The corresponding registration number is VA 1-732-785.

39. Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Phil Lesh with Bob Weir and the band Furthur at the following URL. http://www.allvoices.com/contributed-news/7822798-furthur/content/70160306-phil-lesh-and-bob-weir-with-furthur-in-asheville. A screenshot of the URL is provided herein as Exhibit M. The corresponding registration number is VA 1-732-785.

40. Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Phil Lesh with Bob Weir and the band Furthur at the following URL. http://www.allvoices.com/contributed-news/7822798-furthur/content/70160307-phil-lesh-and-bob-weir-with-furthur-in-asheville. A screenshot of the URL is provided herein as Exhibit N. The corresponding registration number is VA 1-732-785.

41. Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Phil Lesh with Bob Weir and the band Furthur at the following URL. http://www.allvoices.com/contributed-news/7822798-furthur/content/70160308-phil-lesh-and-bob-weir-with-furthur-in-asheville. A screenshot of the URL is provided herein as Exhibit O. The corresponding registration number is VA 1-732-785.

42. Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Phil Lesh with Bob Weir and the band Furthur at the following URL. http://www.allvoices.com/contributed-news/7822798-furthur/content/70160309-phil-lesh-and-bob-weir-with-furthur-in-asheville. A screenshot of the URL is provided herein as Exhibit P. The corresponding registration number is VA 1-732-785.

43. Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Phil Lesh with Bob Weir and the band Furthur at the following URL. http://www.allvoices.com/contributed-news/7822798-furthur/content/70160314-phil-lesh-and-bob-weir-with-furthur-in-asheville. A screenshot of the URL is provided herein as Exhibit Q. The corresponding registration number is VA 1-732-785.

44. Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Phil Lesh with Bob Weir and the band Furthur at the following URL. http://www.allvoices.com/contributed-news/7822798-furthur/content/70160315-phil-lesh-and-bob-weir-with-furthur-in-asheville. A screenshot of the URL is provided herein as Exhibit R. The corresponding registration number is VA 1-732-785.

45. Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Phil Lesh with Bob Weir and the band Furthur at the following URL. http://www.allvoices.com/contributed-news/7822798-furthur/content/70160311-phil-lesh-amp-bob-weir-with-furthur-at-nateva-festival. A screenshot of the URL is provided herein as Exhibit S. The corresponding registration number is VA 1-732-785.

46. Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Phil Lesh with Bob Weir and the band Furthur at the following URL. http://www.allvoices.com/contributed-news/7822798-furthur/content/70160312-phil-lesh-amp-bob-weir-with-furthur-at-nateva-festival. A screenshot of the URL is provided herein as Exhibit T. The corresponding registration number is VA 1-732-785.

47. Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Phil Lesh with Bob Weir and the band Furthur at the following URL. http://www.allvoices.com/contributed-news/7822798-furthur/content/70160313-phil-lesh-amp-bob-weir-with-furthur-at-nateva-festival. A screenshot of the URL is provided herein as Exhibit U. The corresponding registration number is VA 1-732-785.

48. Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Phil Lesh with Bob Weir and the band Furthur at the following URL. http://www.allvoices.com/contributed-news/7822798-furthur/content/70160301-phil-lesh-amp-bob-weir-with-the-dead-at-rothbury-festival-on-july-4-

2009. A screenshot of the URL is provided herein as Exhibit V. The corresponding registration number is VA 1-778-968.

49. Upon information and belief, Allvoices.com Contributors may have located Plaintiff's Works on his website, http://www.performanceimpressions.com.

50. On August 10, 2011, Plaintiff through separate counsel sent ALLVOICES a valid takedown notice compliant with the Digital Millennium Copyright Act ("DMCA") asking to cease and desist the infringing activity as well as to preserve electronically stored information in an attempt to resolve the ongoing infringement issue without costly litigation.

51. Although it is believed by Plaintiff that ALLVOICES removed access to the Works, ALLVOICES failed to reply to Plaintiff's reasonable opportunities to resolve the actual infringement matter without costly litigation.

52. Defendant ALLVOICES classifies its paid 'citizen journalists' in its incentive program as independent contractors. "You are an independent contractor, and nothing in this Supplemental Addendum is intended to, or should be construed to, create a partnership, agency, joint venture or employment relationship." See http://www.allvoices.com/incentive/terms.

53. Plaintiff alleges that the relationship between Allvoices.com and its 'contributors' is that of employer/employee, or agent/principal, or other special relationship going so far as to offer health care to its "best" contributors (see http://www.prnewswire.com/news-releases/allvoicescom-offers-health-care-for-valued-journalists-94857139.html), and therefore ALLVOICES is also directly liable for the actions of the Contributors as if the actions of the Contributors had been taken by ALLVOICES itself.

54. It is believed by Plaintiff that the Allvoices.com website published the following in December of 2010, prior to the present Incentives page examples, stating as to how both the Contributor and ALLVOICES benefit from posting of Content to the Allvoices.com. "Most scores are related to how many articles you write, the quality of your content, and how you promote your contributions on Facebook and Twitter. The individual scores and activities that contribute to them are all interconnected to give you the highest possible scores while at the same

COMPLAINT AND JURY DEMAND

time promoting your brand and Allvoices…If Your Score at the end of June is 64 and your page views are 75,000, you qualify at the payment rate of $1.50 per 1000 page views, so your incentive earnings for June is $112.50. Since payments are made in $100 increments, you will be paid $100 for June incentive earnings and the $12.50 earnings balance will be carried forward and apply to the next $100 payment. If Your score at the end of July is 64 and your page views are 60,000, you qualify at the payment rate of $1.50 per 1000 page views, so your incentive earnings for July is $90.00 and the carry-forward balance of $12.50 from June earnings will be added to the $90.00 earned in July, for a total of $102.50, so you will receive a payment of $100.00 and the $2.50 earnings balance will be carried forward and apply to the next $100 payment, and so on for every month.  https://web.archive.org/web/20101222225936/http://www.allvoices.com/incentive

55.    Plaintiff also alleges that because ALLVOICES did not register a DMCA agent at the U.S. Copyright Office prior to the infringements of Plaintiff's Works, ALLVOICES does not qualify as a service provider afforded 'safe harbor' from infringing activity under the DMCA.

56.    ALLVOICES *directly and through its Contributors* listed as authors in Exhibits C-V willfully infringed Plaintiff's copyrights in the Works by using, copying, and displaying the Works to Allvoices.com for the public's viewing to the benefit of ALLVOICES.

57.    Upon information and belief, ALLVOICES has benefitted from its unlicensed use of the Works while Plaintiff has suffered monetary damages, irreparable injury to Plaintiff's business, reputation, and goodwill; and therefore, Plaintiff is entitled to injunctive relief, damages, and all other relief set forth in the Copyright Act.

**COUNT II – CONTRIBUTORY COPYRIGHT INFRINGEMENT**

58.    Plaintiff repeats and incorporates paragraphs 57, inclusive, of this Complaint as though set forth in full herein.

59.    In the event Plaintiff's works were hyperlinked into the AllVoices.com website or hosted elsewhere, and thereby not stored directly on Defendant's servers, Defendant is liable as a contributory infringer because it had actual and/or constructive knowledge of another's infringing conduct and induced, caused, or materially contributed to that conduct.

60. For example, Defendant has caused, enabled, facilitated, and materially contributed to the infringement complained of herein by, providing the tools and instruction for infringement via their website and has directly and indirectly promoted the infringement and refused to exercise their ability to stop the infringement made possible by their distribution.

61. Defendant's infringement is and has been willful, intentional, purposeful, and in blatant disregard of Plaintiff's rights, and has caused substantial damage to Plaintiff.

62. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed in an amount to be proven at trial.

**COUNT III - VICARIOUS COPYRIGHT INFRINGEMENT**

63. Plaintiff repeats and incorporates paragraphs 62, inclusive, of this Complaint as though set forth in full herein.

64. At all relevant times, Defendant ALLVOICES derived a substantial financial benefit from infringing Plaintiff's copyrighted Works. Defendant displays advertisements on Allvoices.com and charges fees for such advertising. Upon information and belief, the amount of such fees is directly related to site traffic, which depends directly on Defendant having content "accompanied by videos, *images*, perspective, comments (discussion) and related news stories." *See* http://www.allvoices.com/help/contributing. The availability of such content attracts new users to Allvoices.com and in turn, the site becomes more important to existing and potential advertisers by increasing Allvoices.com's traffic.

65. Based upon information and belief, Defendant ALLVOICES has means to determine to a relatively specific degree how much traffic is generated specifically by the infringing content, or, at least how much traffic has visited the infringing content and how much traffic visited the content as the first page from Allvoices.com viewed by that visitor.

66. ALLVOICES is able to use webpage traffic information from its website to price advertising for that specific page, as well as to compensate each Contributor differently depending on the results of such inquiries or article popularity, as determined by Allvoices.com and additional criteria for compensation for the Contributor.

67. At all relevant times, ALLVOICES had had the right and ability to supervise and / or control the infringing conduct of its Contributors.

68. ALLVOICES, through (a) its active participation in the unauthorized reproduction and / or digital distribution of unauthorized copies of Plaintiff's copyrighted Works, (b) its provision of the means and facilities for unauthorized reproduction and distribution, (c) its encouragement of their Contributors to engage in these unauthorized acts and their material contribution to their Contributors acts, (d) their control over the means and facilities by which such unauthorized reproductions and distributions are effected, and (e) the substantial, direct financial benefits that ALLVOICES derives from these acts, all with full knowledge of their illegal consequences, is vicariously liable for copyright infringements perpetrated by Contributors.

69. Upon information and belief, ALLVOICES derives a financial benefit from generating site traffic at Allvoices.com, derives a specific financial benefit from the infringing activity, is able to control the content generated by Contributors, and actively encouraged copying and use of the Works.

**COUNT IV – FALSE DESIGNATION OF ORIGIN**

70. Plaintiff repeats and incorporates paragraphs 1-69, inclusive, of this Complaint as though set forth in full herein.

71. Plaintiff clearly marked each of his images with a mark to distinguish his Works from the works of others in his field, which are visible herein as Exhibits C-V.

72. In connection with Defendant's advertisement, promotion, and distribution of their services, Defendant has affixed, applied, and used false designation of original and false and misleading descriptions and representations, including Plaintiff's mark, which tends to falsely describe the origin, sponsorship, association, or approval by Plaintiff of the services offered by Defendant, which are visible herein as Exhibits C-V.

73. Defendant has used Plaintiff's mark with full knowledge of the falsity of such designations of origin, descriptions and representations, all to Plaintiff's detriment.

74. Defendant's use of Plaintiff's mark on its website constitutes a false description and representation tending to falsely describe or represent Defendant's services and content as being authorized, sponsored, associated, or affiliated with Plaintiff.

75. Defendant has used Plaintiff's marks on its content with the express intent to cause confusion and mistake, to deceive and mislead the public, to trade upon the reputation of Plaintiff and to improperly appropriate to themselves the valuable rights of Plaintiff.

76. Defendant's acts constitute the use in commerce of false designation of origin and false or misleadingly describe or represent Defendant's content as those of Plaintiff's in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

77. By reason of the foregoing, Defendant is liable to Plaintiff for: (a) an amount representing three (3) times Plaintiff's damages or Defendant's unlawful profits; and (b) reasonable attorneys' fees, investigative fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117.

### COUNT V – UNJUST ENRICHMENT

78. Plaintiff repeats and incorporates paragraphs 1-77, inclusive, of this Complaint as though set forth in full herein.

79. Plaintiff is a professional photographer recognized for his portrayal of musicians in action, and has attained a highly regarded and well-respected reputation for the images he creates, which are licensed by multiple individuals and professional organizations.

80. Plaintiff expended substantial time, labor, and skill to develop his highly regarded and well-respected reputation, including the goodwill attributable to it, and to create the Works.

81. The Works that are the subject of this Complaint are unique in the sense that each consists of careful selection, arrangement, lighting, and other attributes associated with the subject matter thereof.

82. To produce material similar to the Works, it would have been necessary for ALLVOICES to independently create the same conditions and elements constituting the subject

matter thereof though the services of a photographic artist with the skills, experience, and goodwill, like that which Plaintiff possesses.

83. By using the Works rather than independently creating content, ALLVOICES saved substantial time, labor, skill, and money that one necessarily would have had to spend to create these Works, or, more likely, saved the expense one would have had to incur in purchasing the services of a photographic artist with time, skill, and experience like that which Plaintiff possesses, as well as the right to use the results of such individual's creative activity.

84. By using the Works as content in several Allvoices.com articles, ALLVOICES received and benefitted from the economic value of the Works as well as from Plaintiff's reputation and goodwill in connection with concert photography without compensation to Plaintiff for the time, labor, skill, and money Plaintiff expended while creating the Works.

85. ALLVOICES unjustly enriched itself by acquiring and retaining the economic value arising from and attributable to Plaintiff's reputation and goodwill and to the substantial time, labor, skill, and money that Plaintiff spent to create the Works owned by Plaintiff.

86. It is unjust for ALLVOICES to retain the economic value and benefit it received through use of the Works and Plaintiff's reputation and goodwill without properly and fairly compensating Plaintiff.

### COUNT VII – ATTORNEYS' FEES AND COSTS

87. Plaintiff repeats and incorporates paragraphs 1-86, inclusive, of this Complaint as though set forth in full herein.

88. Plaintiff requests, pursuant to 17 U.S.C. § 505, their attorneys' fees and costs for the prosecution of this matter.

### VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Honorable Court grant the following relief against Defendant:

1. That the Court enter a judgment finding that Defendant has infringed directly, contributorily, and/or vicariously to infringe Plaintiff's exclusive copyrights to the Works in violation of 17 U.S.C. § 501 et seq. and award statutory or actual damages and monetary relief as stated.

2. That Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of its willful infringement of Plaintiff's copyright in an amount of up to $150,000.00 per work and to account for all gains, profits, and advantages derived by them, actual damages, lost profits, and / or for statutory damages for both the copyright infringement causes of action and then unjust enrichment;

3. Defendant pay to Plaintiff for its false designation of origin: (a) an amount representing three (3) times Plaintiff's damages or Defendant's unlawful profits; and (b) reasonable attorneys' fees, investigative fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117.

4. That Defendant pay to Plaintiff the costs of this action including expert witness fees, and that reasonable attorneys' fees be allowed by this Court pursuant to 17 U.S.C. § 505, California state law, pre-judgment, and post-judgment interest; and for all other such and further relief as the Court deems just and proper.

**ECOTECH LAW GROUP P.C.**

DATED: JANUARY 31, 2014    By: /s/ Dara Tabesh
                              Dara Tabesh (CA Bar No. 230434)
                              dara.tabesh@ecotechlaw.com

**WESSELS & ARSENAULT LLC**

By: /s/ John Arsenault
    John Arsenault (CO Bar No. 41327)
    John.Arsenault@frontrangelegalservices.com

Attorneys for Plaintiff
David Oppenheimer

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of all issues in the above-captioned action that are triable to a jury.

**ECOTECH LAW GROUP P.C.**

DATED: JANUARY 31, 2014    By: /s/ Dara Tabesh
                              Dara Tabesh (CA Bar No. 230434)
                              dara.tabesh@ecotechlaw.com

**WESSELS & ARSENAULT LLC**

By: /s/ John Arsenault
    John Arsenault (CO Bar No. 41327)
    John.Arsenault@frontrangelegalservices.com

Attorneys for Plaintiff
David Oppenheimer

COMPLAINT AND JURY DEMAND