UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| DAVID OPPENHEIMER, et al.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALLVOICES, INC.,<br><br>　　　　　Defendant.<br>_____/ | No. C 14-00499 LB<br><br>**ORDER (1) DISMISSING WITH PREJUDICE PLAINTIFFS' FOURTH CLAIM AND (2) CONTINUING THE INITIAL CASE MANAGEMENT CONFERENCE**<br><br>[Re: ECF No. 28] |

David Oppenheimer and Performance Impressions, LLC ("Plaintiffs") sued defendant Allvoices, Inc. ("Allvoices"), alleging trademark and copyright violations. *See* First Amended Complaint, ECF No. 1.[1] In April 2014, Allvoices moved to dismiss Plaintiffs' First Amended Complaint. *See* Motion, ECF No. 23. On June 10, 2014, the court granted in part and denied in part AllVoices's motion. 4/25/14 Order, ECF No. 28. Specifically, the court concluded that Plaintiffs' first claim for direct copyright infringement, second claim for contributory copyright infringement, and third claim for vicarious copyright infringement survive, but dismissed without prejudice Plaintiffs' fourth claim under Section 43(a)(1) of the Lanham Act. *Id.* at 21. The court then gave Plaintiffs until July 1, 2014 to file a Second Amended Complaint to attempt to re-allege their fourth claim. *Id.* July 1, 2014 was two days ago, but Plaintiffs have not filed a Second Amendment Complaint. *See*

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 14-00499 LB
ORDER

*generally* Docket.

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the court weighs the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61); *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir. 1995). These factors are a guide and "are 'not a series of conditions precedent before the judge can do anything.'" *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998)). Dismissal is appropriate "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Ferdik*, 963 F.2d at 1263).

Here, these factors support the court's dismissal with prejudice of Plaintiffs' fourth claim. By dismissing the claim without prejudice, the court gave Plaintiffs' another chance to sufficiently re-allege it, but Plaintiffs have chosen not to do so and have provided no explanation for their failure. The court cannot allow this failure to keep this action from moving forward. Accordingly, the court **DISMISSES WITH PREJUDICE** Plaintiffs' fourth claim under Section 43(a)(1) of the Lanham Act. Allvoices shall file an answer to Plaintiffs' First Amended Complaint within 14 days from the date of this order.

Under the circumstances, the court **CONTINUES** the initial case management conference from Thursday, July 10, 2014 to **Thursday, September 11, 2014 at 11:00 a.m** in Courtroom C, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California. The parties shall file a joint case management statement by September 4, 2014.

**IT IS SO ORDERED.**

Dated: July 3, 2014

_____
LAUREL BEELER
United States Magistrate Judge