1    David S. Bloch (SBN: 184530)
     dbloch@winston.com
2    Laura M. Franco (SBN 186765)
     lfranco@winston.com
3    K. Joon Oh (SBN 246142)
     koh@winston.com
4    WINSTON & STRAWN LLP
     101 California Street
5    San Francisco, CA  94111-5802
     Telephone:    (415) 591-1000
6    Facsimile:    (415) 591-1400

7    Attorneys for Defendant
     ALLVOICES, INC.

8

9                      UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                        SAN FRANCISCO DIVISION

12   DAVID OPPENHEIMER, a North Carolina      Case No. CV 14-00499-LB
     resident,
13
     PERFORMANCE IMPRESSIONS, L.L.C., a       **DEFENDANT ALLVOICES, INC.'S**
14   North Carolina Limited Liability Company,   **ANSWER TO FIRST AMENDED**
                                               **COMPLAINT FOR COPYRIGHT**
15              Plaintiff,                      **INFRINGEMENT, CONTRIBUTORY**
                                               **COPYRIGHT INFRINGEMENT, FALSE**
16        v.                                    **DESIGNATION**

17   ALLVOICES, INC., a Delaware corporation,   **DEMAND FOR JURY TRIAL**

18              Defendant.

19

20

21

22

23

24

25

26

27

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

## I.   INTRODUCTION

1.      Plaintiff is in the business of creating photographic scenes of musicians while they perform, in other circumstances, and during events.

**ANSWER:**  Allvoices lacks sufficient knowledge or information to admit or deny the factual allegations of Paragraph 1 and on that basis it denies the allegations.

2.      Defendant All Voices, Inc. ("ALLVOICES") is in the business of publishing audiovisual content and selling advertising space based on traffic on their website http://www.allvoices.com. Defendant describes itself as a platform for "citizen journalism." "AllVoices is committed to delivering a community-driven platform for open, global news and idea exchange." *See* http://www.allvoices.com/about

**ANSWER:**  Allvoices admits that it operates the www.allvoices.com website, a platform for citizen journalism; that Allvoices generates revenues from advertising appearing on its website; and that the quoted statement in Paragraph 2 appears on the copy of the http://www.allvoices.com/about webpage at ECF No. 21-2.  Otherwise denied.

3.      Defendant promotes contribution of graphical, written, audio and other content including images to its website stating, "[i]t creates a place for the community to share and discuss news, by contributing related text, video and images and commenting - adding a voice." *Id.*

**ANSWER:**  Allvoices admits that it operates the www.allvoices.com website, a platform for citizen journalism, and that the quoted statement in Paragraph 3 appears on the copy of the http://www.allvoices.com/about webpage at ECF No. 21-2.  Otherwise denied.

4.      Defendant offers a financial compensation program wherein content Contributors can submit articles to the Allvoices.com website in exchange for financial compensation based on the popularity of the submitted content amongst other factors.

**ANSWER:**  Allvoices admits that it presently offers an incentive program in which a user of the www.allvoices.com website has an opportunity to earn money based on the number of times his or her postings have been viewed and other factors.  Otherwise denied.

5.      Defendant ALLVOICES has reproduced and publicly displayed on its website Allvoices.com multiple registered photographic works owned by Plaintiff without his permission.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1   **ANSWER:** Denied.

2   6.      Plaintiff David Oppenheimer brings the present action to protect himself from

3   ongoing unlicensed use of his photographic works and compensation from the damage and detriment

4   caused by Defendant's self-interested profiteering.

5   **ANSWER:** Denied.

6   ## II.   JURISDICTION

7   7.      The Court has jurisdiction because this action is for copyright infringement pursuant

8   to 17 U.S.C. § 101 et seq., vicarious copyright infringement, and unjust enrichment.

9   **ANSWER:** Allvoices admits that the Court has subject matter jurisdiction over federal

10  copyright infringement claims involving works duly registered with the Copyright Office pursuant to

11  28 U.S.C. 1331, 1338(a).  Allvoices denies that First Amended Complaint contains a cause of action

12  for unjust enrichment, that California law recognizes a claim for unjust enrichment (it does not), and

13  that the Court would have jurisdiction over a cause of action for unjust enrichment.

14  8.      Subject matter jurisdiction is conferred by 17 U.S.C. § 501, 28 U.S.C. §§ 1331, 1338,

15  and 1367, and the doctrine of pendent jurisdiction.

16  **ANSWER:** Allvoices admits that the Court has subject matter jurisdiction over federal

17  copyright infringement claims involving works duly registered with the Copyright Office pursuant to

18  28 U.S.C. 1331, 1338(a).  The plaintiff has not alleged any state-law causes of action, and Allvoices

19  therefore denies that the Court has supplemental jurisdiction over any claims pursuant to Section

20  1367(a) and the doctrine of pendent jurisdiction.

21  9.      Personal jurisdiction is proper because Defendant ALLVOICES is a Delaware foreign

22  corporation and has a principal place of business in the State of California.

23  **ANSWER:** Admitted.

24  10.     The jurisdiction of this Court also exists based on the diversity of citizenship of the

25  parties under 28 U.S.C. § 1332, as this case involves a dispute between citizens of different states

26  and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of

27  interest and costs.

28  **ANSWER:** Allvoices lacks sufficient knowledge or information to admit or deny the factual

2

allegations of Paragraph 10 and on that basis it denies the allegations.  Allvoices also denies that the amount legitimately in controversy exceeds $75,000.

### III.     VENUE

11.     A substantial portion of the events related to Plaintiff's claims occurred in this District, including acts of copyright infringement, vicarious copyright infringement, and unjust enrichment; venue is proper in this District under 28 U.S.C. §§ 1391 and 1400.

**ANSWER:**  Allvoices admits that the Northern District of California is a proper venue. Allvoices denies that there have been any acts of copyright infringement.  "Unjust enrichment" is not a cause of action in California and cannot give rise to jurisdiction.

12.     Intradistrict Assignment is proper in the San Francisco Division of this Court pursuant to Civil Local Rules 3-5(b) and 3-2(c) for the reasons stated above.

**ANSWER:**  Admitted.

### IV.     THE PARTIES

13.     DAVID OPPENHEIMER ("Photographer"), is an individual residing in Buncombe County, North Carolina, with a principal place of business located at P.O. Box 8105 Asheville, NC 28814.

**ANSWER:**  Allvoices lacks sufficient knowledge or information to admit or deny the factual allegations of Paragraph 13 and on that basis it denies the allegations.

14.     PERFORMANCE IMPRESSIONS, LLC ("Business") (DAVID OPPENHEIMER and PERFORMANCE IMPRESSIONS, LLC collectively referred to as "Plaintiff"), is a North Carolina limited liability company located at 725 Merrimon Ave. Suite 8105 Asheville, NC, 28804, owned in full by Photographer, and is currently in good standing with the North Carolina Secretary of State's Office.

**ANSWER:**  Allvoices lacks sufficient knowledge or information to admit or deny the factual allegations of Paragraph 14 and on that basis it denies the allegations.

15.     Defendant, ALLVOICES, is a Delaware Corporation with an expired California foreign entity license as of the filing date of this Complaint, with its principal place of business at 351 California Street, Suite 1210 San Francisco, CA 94104.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

3

1

**ANSWER:** Admitted.

2

## V.    FACTUAL ALLEGATIONS

3

16.    Plaintiff is in the business of creating photographic scenes of musicians while they

4

perform. Plaintiff's images are unique and highly desirable by many persons including, among

5

others, concertgoers, musicians, journalists, advertisers, and industry professionals.

6

**ANSWER:** Allvoices lacks sufficient knowledge or information to admit or deny the factual

7

allegations of Paragraph 16 and on that basis it denies the allegations.

8

17.    Defendant has developed, offered, and marketed their website to the general public as

9

a platform for citizen journalism.

10

**ANSWER:** Allvoices admits that it operates the www.allvoices.com website, a platform for

11

citizen journalism and that the statement "Allvoices is committed to delivering a community-driven

12

platform for open, global news and idea exchange" appears on the copy of the webpage

13

http://www.allvoices.com/about at ECF No. 21-2.  Otherwise denied.

14

18.    Defendant's website relies on submissions for events and news by individual

15

contributors registered on Defendant's website where they are paid consideration by Defendant for

16

their article contributions.

17

**ANSWER:** Allvoices admits that it operates the www.allvoices.com website, a platform for

18

citizen journalism and that its website users posts materials on the website.  Otherwise denied.

19

19.    As web traffic from Contributor content increases, Defendant is able to sell higher

20

priced advertising on the Allvoices.com website.

21

**ANSWER:** Denied.

22

20.    Contributors to Defendant's website are presently provided compensation by

23

Defendant in exchange for driving web traffic to their article and content. See

24

http://www.allvoices.com/incentive/terms.

25

**ANSWER:** Allvoices admits that it presently offers an incentive program in which a user of

26

the www.allvoices.com website has an opportunity to earn money based on the number of times his

27

or her postings have been viewed and other factors.  Otherwise denied.

28

## COUNT I - COPYRIGHT INFRINGEMENT

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5802

21. Plaintiff repeats and incorporates by reference paragraphs 1-20, inclusive of this Complaint as set forth in full herein.

**ANSWER:** Allvoices incorporates by reference its Answers to the preceding paragraphs.

22. Plaintiff makes his photographic works available online at his website http://www.performanceimpressions.com.

**ANSWER:** Allvoices lacks sufficient knowledge or information to admit or deny the factual allegations of Paragraph 22 and on that basis it denies the allegations.

23. Plaintiff complied in all respects with Title 17, U.S.C. § 102, et seq., and all other laws governing federal copyright applicable to the Works and registered the copyrights with the Register of Copyrights at the U.S. Copyright Office.  Exhibit A.

| Reg. No. | Reg. Date | Title |
|----------|-----------|-------|
| VA 1-700-944 | January 01, 2010 | 2007 Concert Photography by David Oppenheimer of Performance Impressions. |
| VA 1-778-968 | April 02, 2010 | Rothbury Festival Photos by David Oppenheimer. |
| VA 1-732-785 | August 30, 2010 | Bassnectar - Lorin Ashton - 2010 All Good Festival, et al. |

**ANSWER:** Allvoices lacks sufficient knowledge or information to admit or deny the factual allegations of Paragraph 23 and on that basis it denies the allegations.

24. At all relevant times hereto, Plaintiff has and continues to be the sole owner of all rights, titles, and interests in and to the aforementioned registrations and photographs ("Works").

**ANSWER:** Denied.  Though "Plaintiff" is referred to in the singular, in fact "Plaintiff" refers to two distinct entities, Oppenheimer and Performance Impressions, LLC.  On information and belief, Performance Impressions, not Mr. Oppenheimer, is the copyright holder for the works at issue.  Oppenheimer has no copyright interest in the works and no standing to claim infringement.

25. Each of Plaintiff's infringed Works included prominently placed copyright management information as well as a copyright registration notice, so Defendant was provided sufficient notice that the Works were registered.

**ANSWER:** Allvoices lacks sufficient knowledge or information to admit or deny the factual

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

allegations of Paragraph 25 regarding whether "[e]ach of Plaintiffs infringed Works included prominently placed copyright management information as well as a copyright registration notice" (whatever that phrase might mean) and on that basis it denies the allegations.

26.     Plaintiff initially became aware of Defendant's ongoing unlicensed use of the Works in February of 2011.

**ANSWER:** Allvoices lacks sufficient knowledge or information to admit or deny the factual allegations of Paragraph 26 and on that basis it denies the allegations.

27.     It was not until March 15, 2011 that Defendant filed for a registered agent as a service provider as the U.S. Copyright Office. Exhibit B.

**ANSWER:**  Allvoices admits that Exhibit B to the First Amended Complaint is a copy of Allvoices's March 15, 2011 Interim Designation of Agent to Receive Notification of Claim Infringement filed with the U.S. Copyright Office and that it had not filed such a designation before that date.

28.     Multiple articles were posted to the Allvoices.com website that featured Plaintiff's photographic works without proper attribution or license.

**ANSWER:**  Denied.

29.     Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Jeff Chimenti at the following URL. http://www.allvoices.com/contributed-news/7822493-furthur/content/70158570-jeff-chimenti. A screenshot of the URL is provided herein as Exhibit C. The corresponding registration number is VA 1-700-944.

**ANSWER:**  Denied.

30.     Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Jeff Chimenti at the following URL. http ://www.allvoices.com/contributed-news/7822493-furthur/content/70158568-jeff-chimenti-with-the-dead-at-rothbury.  A screenshot of the URL is provided herein as Exhibit D. The corresponding registration number is VA 1-778-968.

**ANSWER:**  Denied.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

6

31.     Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Jeff Chimenti at the following URL. http://www.allvoices.com/contributed-news/7822493-furthur/content/70158571-jeff-chimenti-with-the-dead-at-rothbury-festival-on-july-4-2009. A screenshot of the URL is provided herein as Exhibit E. The corresponding registration number is VA 1-778-968.

**ANSWER:**  Denied.

32.     Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Jeff Chimenti at the following URL. http://www.allvoices.com/contributed-news/7822493-furthur/content/70158572-jcff-chimenti-with-the-dead-at-rothbury-festival-on-july-4-2009. The corresponding registration number is VA 1-778-968.

**ANSWER:**  Denied.

33.     Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Jeff Chimenti at the following URL. http://www.allvoices.com/people/Bob_Weir/content/7004l856-boh-weir.  A screenshot of the URL is provided herein as Exhibit G. The corresponding registration number is VA 1-700-944.

**ANSWER:**  Denied.

34.     Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Bob Weir at the following URL. http://www.allvoices.com/people/Bob_Weir/content/70041857-bob-weir. A screenshot of the URL is provided herein as Exhibit H. The corresponding registration number is VA 1-700-944.

**ANSWER:**  Denied.

35.     Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Bob Weir at the following URL. http://www.allvoices.com/people/Bob_Weir/content/70041858-bob-weir. A screenshot of the URL is provided herein as Exhibit I. The corresponding registration number is VA 1-700-944.

**ANSWER:**  Denied.

36.     Defendant infringed Plaintiff's copyrights when the Allvoices website published or

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

allowed to be published Plaintiff's registered image of artist Bob Weir at the following URL.

http://www.allvoices.com/people/Bob_Weir/content/70041859-bob-weir. A screenshot of the URL

is provided herein as Exhibit J. The corresponding registration number is VA 1-700-944.

**ANSWER:** Denied.

37.   Defendant infringed Plaintiff's copyrights when the Allvoices website published or

allowed to be published Plaintiff's registered image of artist Bob Weir and the band Furthur at the

following URL, http://www.allvoices.com/contributed-news/7822798-furthur/content/70160304-

furthur-w-phil-lesh-amp-bob-weir-w-at-the-2010-all-good-festival. A screenshot of the URL is

provided herein as Exhibit K. The corresponding registration number is VA 1-732-785.

**ANSWER:** Denied.

38.   Defendant infringed Plaintiff's copyrights when the Allvoices website published or

allowed to be published Plaintiff's registered image of artist Phil Lesh with Bob Weir and the band

Furthur at the following URL. http://www.allvoices.com/contributed-news/7822798-

furthur/content/70160305-phil-lesh-and-bob-weir-with-furthur-in-asheville. A screenshot of the

URL is provided herein as Exhibit L. The corresponding registration number is VA 1-732-785.

**ANSWER:** Denied.

39.   Defendant infringed Plaintiff's copyrights when the Allvoices website published or

allowed to be published Plaintiff's registered image of artist Phil Lesh with Bob Weir and the band

Furthur at the following URL.  http://www.allvoices.com/contributed-news/7822798-

furthur/content/70160306-phil-lesh-and-bob-weir-with-furthur-in-asheville. A screenshot of the

URL is provided herein as Exhibit M. The corresponding registration number is VA 1-732-785,

**ANSWER:** Denied.

40.   Defendant infringed Plaintiff's copyrights when the Allvoices website published or

allowed to be published Plaintiff's registered image of artist Phil Lesh with Bob Weir and the band

Furthur at the following URL. http://www.allvoices.com/contributed-news/7822798-

furthur/content/70160307-phil-lesh-and-bob-weir-with-furthur-in-asheville. A screenshot of the

URL is provided herein as Exhibit N. The corresponding registration number is VA 1-732-785.

**ANSWER:** Denied.

**Winston & Strawn LLP**
101 California Street
San Francisco, CA 94111-5802

41.     Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Phil Lesh with Bob Weir and the band Furthur at the following URL. http://www.allvoices.com/contributed-news/7822798-furthur/content/70160308-phil-lesh-and-bob-weir-with-furthur-in-asheville.  A screenshot of the URL is provided herein as Exhibit O. The corresponding registration number is VA 1-732-785.

**ANSWER:** Denied.

42.     Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Phil Lesh with Bob Weir and the band Furthur at the following URL. http://www.allvoices.com/contributed-news/7822798-furthur/content/70160309-phil-lesh-and-bob-weir-with-furthur-in-asheville.  A screenshot of the URL is provided herein as Exhibit P. The corresponding registration number is VA 1-732-785.

**ANSWER:** Denied.

43.     Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Phil Lesh with Bob Weir and the band Furthur at the following URL. http://www.allvoices.com/contributed-news/7822798-furthur/content/70160314-phil-lesh-and-bob-weir-with-furthur-in-asheville.  A screenshot of the URL is provided herein as Exhibit Q. The corresponding registration number is VA 1-732-785.

**ANSWER:** Denied.

44.     Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Phil Lesh with Bob Weir and the band Furthur at the following URL. http://www.allvoices.com/contributed-news/7822798-furthur/content/70160315-phil-lesh-and-bob-weir-with-furthur-in-asheviIIe. A screenshot of the URL is provided herein as Exhibit R. The corresponding registration number is VA 1-732-785.

**ANSWER:** Denied.

45.     Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Phil Lesh with Bob Weir and the band Furthur at the following URL. http://www.allvoices.com/contributed-news/7822798-furthur/content/70160311-phil-lesh-amp-bob-weir-with-furthur-at-nateva-festival.  A screenshot of

9

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

the URL is provided herein as Exhibit S.  The corresponding registration number is VA 1-732-785.

**ANSWER:**  Denied.

46.    Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Phil Lesh with Bob Weir and the band Furthur at the following URL. http://www.allvoices.com/contributed-news/7822798-furthur/content/70160312-phil-lesh-amp-bob-weir-with-furthur-at-nateva-festival. A screenshot of the URL is provided herein as Exhibit T.  The corresponding registration number is VA 1-732-785.

**ANSWER:**  Denied.

47.    Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Phil Lesh with Bob Weir and the band Furthur at the following URL. http://www.allvoices.com/contributed-news/7822798-furthur/content/70160313-phil-lesh-amp-bob-weir-with-furthur-at-nateva-festival. A screenshot of the URL is provided herein as Exhibit U.  The corresponding registration number is VA 1-732-785.

**ANSWER:**  Denied.

48.    Defendant infringed Plaintiff's copyrights when the Allvoices website published or allowed to be published Plaintiff's registered image of artist Phil Lesh with Bob Weir and the band Furthur at the following URL. http://www.allvoices.com/contributed-news/7822798-furthur/content/70160301-phil-lesh-amp-bob-weir-with-the-dead-at-rothbury-festival-on-july-4-2009.  A screenshot of the URL is provided herein as Exhibit V.  The corresponding registration number is VA 1-778-968.

**ANSWER:**  Denied.

49.    Upon information and belief, Allvoices.com Contributors may have located Plaintiff's Works on his website, http://www.performanceimpressions.com.

**ANSWER:**  Allvoices lacks sufficient knowledge or information to admit or deny the factual allegations of Paragraph 49 and on that basis it denies the allegations.

50.    It is Plaintiff's belief and understanding that Defendant reproduced and distributed Plaintiff's works by delivering copies of his Works uploaded to its servers to public readers via its website.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

**ANSWER:**  Denied.

51.    Defendant attempts to classify its paid 'citizen journalists' in its incentive program as independent contractors. "You are an independent contractor, and nothing in this Supplemental Addendum is intended to, or should be construed to, create a partnership, agency, joint venture or employment relationship." See All Voices incentive program, http://www.allvoices.com/incentive/terms (last visited April 11, 2014).

**ANSWER:**  Allvoices admits that the quoted statement in Paragraph 51 appears on the webpage http://www.allvoices.com/incentive/terms, last visited July 7, 2014.

52.    Plaintiff alleges that the relationship between Allvoices.com and its 'contributors' is that of employer/employee, or agent/principal, or other special relationship going so far as to offer health care to its "best" contributors (*see* http://www.prnewswire.com/news-releases/allvoicescom-offers-health-care-for-valued-journalists-94857139.html (last visited April 11, 2014)), and therefore Defendant is also directly liable for the actions of the Contributors as if the actions of the Contributors had been taken by Defendant itself.

**ANSWER:**  Denied.

53.    On information and belief, Defendant's website published the following in December of 2010, prior to the present Incentives page examples, stating as to how both the Contributor and Defendant benefit from posting of Content to the Allvoices.com. "Most scores are related to how many articles you write, the quality of your content, and how you promote your contributions on Facebook and Twitter. The individual scores and activities that contribute to them are all interconnected to give you the highest possible scores while at the same time promoting your brand and Allvoices...If Your Score at the end of June is 64 and your page views are 75,000, you qualify at the payment rate of $1.50 per 1000 page views, so your incentive earnings for June is $112.50. Since payments are made in $100 increments, you will be paid $100 for June incentive earnings and the $12.50 earnings balance will be carried forward and apply to the next $100 payment. If Your score at the end of July is 64 and your page views are 60,000, you qualify at the payment rate of $1.50 per 1000 page views, so your incentive earnings for July is $90.00 and the carry-forward balance of $12.50 from June earnings will be added to the $90.00 earned in July, for a total of $102.50, so you

11

1    will receive a payment of $100.00 and the $2.50 earnings balance will be carried forward and apply

2    to the next $100 payment, and so on for every month." Allvoices February 2010 incentive program,

3    (archived through Archive.org)

4    https://web.archive.org/web/20101222225936/http://www.allvoicescom/incentive (last visited April

5    11, 2014).

6    **ANSWER:**  Allvoices admits that the quoted statement in Paragraph 52 appears on the

7    webpage https://web.archive.org/web/20101222225936/http://www.allvoices.com/incentive, last

8    visited July 8, 2014.  Otherwise, denied.

9    54.    Plaintiff alleges that because ALLVOICES did not register a DMCA agent at the U.S.

10   Copyright Office prior to the infringements of Plaintiff's Works, ALLVOICES does not qualify as a

11   service provider afforded 'safe harbor' from infringing activity under the DMCA.

12   **ANSWER:**  Denied.

13   55.    It is Plaintiff's belief and understanding that at the time of the infringing activity,

14   around February 10, 2011 and prior, Defendant's website failed to include a repeat infringers policy.

15   Exhibit W.

16   **ANSWER:**  Denied.

17   56.    On August 10, 2011, Plaintiff through separate counsel sent Defendant a notice

18   asking to cease and desist the infringing activity, to preserve electronically stored information, and a

19   demand to settle the matter in an attempt to resolve the ongoing infringement issue without costly

20   litigation. Exhibit X.

21   **ANSWER:**  Allvoices admits that, around or about August 10, 2011, it received a copy of a

22   document dated August 10, 2011 and captioned with "***For Settlement Purposes Only, Subject to***

23   ***F.R.E. 408"*** (emphasis in original) which is attached to the First Amended Complaint as Exhibit X

24   and that the document speaks for itself.

25   57.    Although it is believed by Plaintiff that Defendant eventually removed access to the

26   Works, Defendant failed to reply to Plaintiff's reasonable opportunities to resolve the actual

27   infringement matter without costly litigation.

28   **ANSWER:**  Allvoices admits that it promptly and timely removed access to the works

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

12

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1   identified in Exhibit X pursuant to the terms of the DMCA.  Otherwise denied.

2       58.    It is Plaintiff's belief and understanding that there are a number of "citizen

3   journalists" who are financially compensated by Defendant whose Allvoices accounts were not

4   terminated but considered repeat infringers by reasonable standards. For example, user

5   'JackWilson619195,' who is believed to have infringed and uploaded over ten (10) of Plaintiff s

6   Works to Defendant's website should have been terminated as a repeat infringer relevant to

7   Plaintiff's claims in 2011, but as of April 04, 2014, the user 'JackWilson619195' maintains an active

8   Allvoices.com account.

9       **ANSWER:**  Denied.

10      59.    ALL VOICES *directly and through its Contributors* listed as authors in Exhibits C-V

11  willfully infringed Plaintiff's copyrights in the Works by using, copying, and displaying the Works

12  to Allvoices.com for the public's viewing to the benefit of ALLVOICES.

13      **ANSWER:**  Denied.

14      60.    Upon information and belief, ALLVOICES has benefitted from its unlicensed use of

15  the Works while Plaintiff has suffered monetary damages, irreparable injury to Plaintiff's business,

16  reputation, and goodwill; and therefore, Plaintiff is entitled to injunctive relief, damages, and all

17  other relief set forth in the Copyright Act.

18      **ANSWER:**  Denied.

19                **COUNT II - CONTRIBUTORY COPYRIGHT INFRINGEMENT**

20      61.    Plaintiff repeats and incorporates paragraphs 1-60, inclusive, of this Complaint as

21  though set forth in full herein.

22      **ANSWER:**  Allvoices incorporates by reference its Answers to the preceding paragraphs.

23      62.    On information and belief, Defendant hosted infringing content owned by Plaintiff on

24  its website Allvoices.com.

25      **ANSWER:**  Denied.

26      63.    In the event Plaintiff's works were instead hyperlinked onto the AllVoices.com

27  website or hosted elsewhere, and thereby not stored directly on Defendant's servers, Defendant is

28  still liable as a contributory infringer to Plaintiff because it had actual and/or constructive knowledge

13

of another's infringing conduct and induced, caused, or materially contributed to that conduct.

**ANSWER:** Denied.

64.    Plaintiff included a copyright notice and copyright management information on each and every image that was eventually posted to Defendant's website. Exhibits C-V.

**ANSWER:** Allvoices lacks sufficient knowledge or information to admit or deny the factual allegations of Paragraph 64 and on that basis it denies the allegations.

65.    Defendant has caused, enabled, facilitated, and materially contributed to the infringement complained of herein by, providing the tools and instruction for infringement via their website and has directly and indirectly promoted the infringement and refused to exercise their ability to stop the infringement made possible by their distribution.

**ANSWER:** Denied.

66.    On information and belief, at the time of the infringing activity, Defendant provided tools for Contributors to cull and access copyrighted images from services like Flickr, in order to enable or induce access to infringing content. Exhibit Y, *also See* Stolen Images, Alan Hess Photography, http://alanhessphotography.com/stolen-images/#respond (last visited April 11, 2014).

**ANSWER:** Denied.

67.    In the email published by the photographer who was also wronged by Defendant that was provided to Plaintiff, Allvoices through an official email response alleged that they could disable access to the photographer's Flickr feed stating "Additionally, All voices has blocked your Flickr account from our system to help prevent a similar occurrence in the future." *Id*.

**ANSWER:** Exhibit Y speaks for itself; Allvoices denies Plaintiff's inaccurate and misleading characterization of that document.

68.    Defendant offers on its website an exclusive program for certain "valuable" Contributors with additional payment incentives, wherein they can submit their specific content to be screened and selected by Defendant for additional promotion and participation in a separate revenue sharing program from that of other Contributors. All Voices Media Select Program, http://www.allvoices.com/incentive/select_media (last visited April 11, 2014).

**ANSWER:** Allvoices admits that it presently offers an program called the Allvoices Select

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

14

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1   Media Program, has a webpage regarding that program at

2   http://www.allvoices.com/incentive/select_media, and that this webpage speaks for itself.

3   Otherwise, denied.

4        69.     Defendant's infringement is and has been willful, intentional, purposeful, and in

5   blatant disregard of Plaintiff s rights, and has caused substantial damage to Plaintiff.

6        **ANSWER:**  Denied.

7        70.     As a direct and proximate result of Defendant's misconduct, Plaintiff has been

8   substantially harmed in an amount to be proven at trial.

9        **ANSWER:**  Denied.

10          **COUNT III - VICARIOUS COPYRIGHT INFRINGEMENT**

11        71.     Plaintiff repeats and incorporates paragraphs 1-70, inclusive, of this Complaint as

12   though set forth in full herein.

13        **ANSWER:**  Allvoices incorporates by reference its Answers to the preceding paragraphs.

14        72.     Contributors to Defendant's website prepared derivative works using Plaintiff's

15   photographic Works that were copied and uploaded to Defendant's website without permission.

16        **ANSWER:**  Denied.

17        73.     At all relevant times, Defendant derived a direct financial benefit from infringing

18   Plaintiff's copyrighted Works. Defendant displays advertisements on Allvoices.com and charges

19   fees for such advertising. Upon information and belief, the amount of such fees is directly related to

20   site traffic, which depends directly on Defendant having content "accompanied by videos, *images*,

21   perspective, comments (discussion) and related news stories." *See* Allvoices Help, Contributing

22   http://www.allvoices.com/help/contributing (last visited April 11, 2014).

23        **ANSWER:**  Allvoices admits that it generates revenues from advertising appearing on its

24   website.  Otherwise, denied.

25        74.     It is Plaintiff's belief and understanding that the availability of relevant or interesting

26   visual content attracts readers to Allvoices.com and in turn, the site becomes more important to

27   existing and potential advertisers by increasing Defendant's overall traffic.

28        **ANSWER:**  Allvoices admits that it generates revenues from advertising appearing on its

1   website.  Otherwise, denied.

2       75.     Based upon information and belief, Defendant can determine to a relatively specific

3   degree how much traffic is generated specifically by a Contributor; and, at least measure how much

4   traffic has accessed specific content including infringing materials.

5       **ANSWER:**  Allvoices admits that it is able to track some information concerning page views

6   of content uploaded by Contributors.  Allvoices does not understand the phrases 'reasonably specific'

7   or 'how much traffic has accessed specific content,' specifically denies that there are any 'infringing

8   materials,' and denies all remaining allegations in paragraph 75.

9       76.     Defendant uses individual webpage traffic information to price advertising for a

10  specific page, as well as to compensate each Contributor differently depending on the results of such

11  inquiries or article popularity, as determined by AIlvoices.com and additional criteria for

12  compensation for the Contributor.

13      **ANSWER:**  Allvoices admits that it presently offers an incentive program in which a user of

14  the www.allvoices.com website has an opportunity to earn money based on the number of times his

15  or her postings have been viewed and other factors. Otherwise denied.

16      77.     Defendant also received a direct financial benefit related to the infringing activity by

17  directly avoiding the payment of a license to Plaintiff or others for use of the Works.

18      **ANSWER:**  Denied.

19      78.     At all relevant times, Defendant had the right and ability to supervise and / or control

20  the infringing conduct of its Contributors because it maintains the right and ability to screen and

21  promote submitted articles selected by company editors or screeners as well as final editorial

22  decision making as to what content is posted to the front page of its website.

23      **ANSWER:**  Denied.

24      79.     Defendant also maintained the right and ability to supervise and / or control the

25  conduct of its Contributors because it maintains or maintained internal software to screen submitted

26  content for copyright infringement. "Allvoices machines also detect copyright violation and racial

27  slurs, since the underlying system can detect words, phrases and sentences and can compare it

28  against databases of content." Tony Rogers, An Interview With Allvoices Founder Amra Tareen,

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

16

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1
2
About.com, http://journalism.about.com/od/citizenjournalism/a/allvoicesqa_2.htm (last visited April 11, 2014).

3
4
5
**ANSWER:**  Allvoices admits that the quoted statement in Paragraph 79 appears on the webpage http://journalism.about.com/od/citizenjournalism/a/allvoicesqa_2.htm, last visited July 8, 2014.  Otherwise, denied.

6
7
8
9
10
11
12
13
80.     Defendant, through (a) its active participation in the unauthorized reproduction and/or digital distribution of unauthorized copies of Plaintiff's copyrighted Works, (b) its provision of the means and facilities for unauthorized reproduction and distribution, (c) its encouragement of their Contributors to engage in these unauthorized acts and their material contribution to their Contributors acts, (d) their control over the means and facilities by which such unauthorized reproductions and distributions are effected, and (e) the substantial, direct financial benefits that Defendant derives from these acts, all with full knowledge of their illegal consequences, is vicariously liable for copyright infringements perpetrated by Contributors.

14
**ANSWER:**  Denied.

15
16
17
18
81.     Upon information and belief, Defendant derives a direct financial benefit from the infringing activity by generating site traffic at Allvoices.com, avoiding payment of a license, and is able to control the content generated by Contributors, and actively encouraged copying and use of Plaintiff's Works.

19
**ANSWER:**  Denied.

20
**COUNT IV - FALSE DESIGNATION OF ORIGIN**

21
22
82.     Plaintiff repeats and incorporates paragraphs 1-81, inclusive, of this Complaint as though set forth in full herein.

23
24
**ANSWER:**  Plaintiff failed to state a claim for false designation of origin and this cause of action has been dismissed with prejudice.  ECF 31.  Therefore, no answer is required.

25
26
83.     Plaintiff clearly marked each of his images with a mark to distinguish his Works from the works of others in his field, which are visible herein as Exhibits C-V.

27
28
**ANSWER:**  Plaintiff failed to state a claim for false designation of origin and this cause of action has been dismissed with prejudice.  ECF 31.  Therefore, no answer is required.

17

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

84.     In connection with Defendant's advertisement, promotion, and distribution of their services, Defendant has affixed, applied, and used false designation of original and false and misleading descriptions and representations, including Plaintiff's mark, which tends to falsely describe the origin, sponsorship, association, or approval by Plaintiff of the services offered by Defendant, which are visible herein as Exhibits C-V.

**ANSWER:**  Plaintiff failed to state a claim for false designation of origin and this cause of action has been dismissed with prejudice.  ECF 31.  Therefore, no answer is required.

85.     Defendant has used Plaintiff's mark with full knowledge of the falsity of such designations of origin, descriptions and representations, all to Plaintiff's detriment.

**ANSWER:**  Plaintiff failed to state a claim for false designation of origin and this cause of action has been dismissed with prejudice.  ECF 31.  Therefore, no answer is required.

86.     Defendant's use of Plaintiff's mark on its website near its own trademarks, content, and advertisements constitutes a false description and representation tending to falsely describe or represent Defendant's services and content as being authorized, sponsored, associated, or affiliated with Plaintiff.

**ANSWER:**  Plaintiff failed to state a claim for false designation of origin and this cause of action has been dismissed with prejudice.  ECF 31.  Therefore, no answer is required.

87.     Defendant has used Plaintiff's marks on its content with the express intent to cause confusion and mistake, to deceive and mislead the public, to trade upon the reputation of Plaintiff and to improperly appropriate to themselves the valuable rights of Plaintiff.

**ANSWER:**  Plaintiff failed to state a claim for false designation of origin and this cause of action has been dismissed with prejudice.  ECF 31.  Therefore, no answer is required.

88.     Defendant's acts constitute the use in commerce of false designation of origin and false or misleadingly describe or represent Defendant's content as those of Plaintiff's in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)-(b).

**ANSWER:**  Plaintiff failed to state a claim for false designation of origin and this cause of action has been dismissed with prejudice.  ECF 31.  Therefore, no answer is required.

89.     By reason of the foregoing, Defendant is liable to Plaintiff for: (a) an amount

18

representing three (3) times Plaintiff's damages or Defendant's unlawful profits; and (b) reasonable attorneys' fees, investigative fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117.

**ANSWER:**  Plaintiff failed to state a claim for false designation of origin and this cause of action has been dismissed with prejudice.  ECF 31.  Therefore, no answer is required.

### DEFENSES

Allvoices asserts the following defenses, without regard to whether they are "affirmative" defenses or matters as to which plaintiff has the burden of proof:

1. Plaintiff failed to state a claim upon which relief can be granted;

2. Plaintiff's claims are barred by the doctrine of estoppel;

3. The lack of any act of volition by Allvoices bars liability for the alleged infringement;

4. The lack of any act of culpable intent by Allvoices bars liability for the alleged infringement;

5. The safe harbors under 17 U.S.C. § 512 bar the relief that Plaintiff seeks for the entirety of the period of alleged infringement;

6. Plaintiff has failed to join all necessary and indispensable parties, without whom, in equity and fairness, this action should not proceed;

7. Plaintiff's claims are barred by its failure to mitigate damages;

8. To the extent that Mr. Oppenheimer or Performance Impressions is not the owner of a valid copyright registration for a work at issue, the failure to satisfy the statutory precondition for a valid copyright registration for a copyright infringement action bars the infringement claims;

9. Lack of ownership of the alleged copyrights of the alleged works bars Plaintiff's copyright infringement claim;

10. The Court lacks jurisdiction to adjudicate claims of infringement of copyrights for which Mr. Oppenheimer or Performance Impressions does not own the cause of action, and this case is not yet ripe for adjudication of infringements of copyrights for which Mr. Oppenheimer or Performance Impressions does not own a cause of action;

11. Plaintiff's claims against Allvoices are barred, in whole or in part, because the damages

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

or injury allegedly suffered by Plaintiff would be the proximate result, either in whole or part, of acts or omissions of persons or entities other than Allvoices;

12. Plaintiff's claims for statutory damages and attorney fees is barred to the extent that it has failed to timely register works at issue;

13. To the extent Plaintiff did not register copyrights before alleged infringements or within three months of first publication of published works, the failure to register timely bars the claims for statutory damages and attorney's fees;

14. The statutory damages Plaintiff seeks are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained, in violation of the Due Process Clause;

15. The doctrine of fair use doctrine bars Plaintiff's claims and excuses the acts herein alleged;

16. Plaintiff's claims are barred to the extent that alleged actions and speech are protected by the First Amendment of the Constitution of the United States;

17. Plaintiff's claims based on secondary liability are barred because Allvoices's products and/or services are capable of substantial non-infringing uses;

18. Plaintiff's claims are barred, in whole or in part, because Allvoices's conduct was in good faith and with non-willful intent, at all times;

19. Plaintiff's claims are barred by license, consent and acquiescence to any use by Allvoices or its website users;

20. The doctrine of laches bars Plaintiff's claim;

21. Waiver bar Plaintiff's claim;

22. The infringement claims are barred by the applicable statute of limitations;

23. Plaintiff's claims are barred to the extent that the copyrights are invalid and/or unenforceable;

24. The Plaintiff's copyright claims are barred by the *de minimis* doctrine;

25. The value of Plaintiff's copyright claims are *de minimis*;

26. Plaintiff's claims are barred to the extent that it has forfeited or abandoned its intellectual

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

20

property.

## VI.    PRAYER FOR RELIEF

Allvoices respectfully requests that the Court dismiss all claims alleged by the Plaintiff, that the Court enter a judgment in favor of Allvoices; that the Court award costs, including attorneys' fees, to Allvoices as the prevailing party under Copyright Act (17 U.S.C. § 505); and that the Court grant all other relief that it deems proper.

## DEMAND FOR JURY TRIAL

Allvoices hereby demands a trial of this action by jury.

Dated:  July 17, 2014                          WINSTON & STRAWN LLP


By:    /s/ David S. Bloch
       David S. Bloch
       Laura M. Franco
       K. Joon Oh
       Attorneys for Defendant
       ALLVOICES, INC.

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT AND JURY DEMAND
CASE NO. CV 14-00499-LB

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802